**SCHMIDT SETHI & AKMAJIAN**
1790 East River Road, Suite 300
Tucson, Arizona 85718
FAX: 520.790.1163

Ted A. Schmidt
SB #005030
Direct Line: 520.545.1670
Email: tschmidt@azinjurylaw.com

Matthew F. Schmidt
SB #028049
Direct Line: 520.545.1677
E-mail: mschmidt@azinjurylaw.com
Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ABRAN TADEO, a single man; ANDREA TADEO, a single woman;<br><br>Plaintiffs,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA; BORDER PATROL AGENT ROOSEVELT MCKNIGHT; BORDER PATROL AGENT EDMUNDO LOPEZ; BORDER PATROL AGENT CLAYTON MERSON; JOHN DOES and JANE DOES 1-X;<br><br>Defendants. | No.<br><br>**COMPLAINT**<br><br>Assigned to: |

Plaintiffs Abran and Andrea Tadeo for their complaint against Defendants allege and complain as follows:

### I.     PARTIES AND JURISDICTION

1.     Plaintiffs Abran Tadeo and Andrea Tadeo are citizens of the United States of America and residents of Pima County in the state of Arizona.

2.  Defendants Clayton Merson, Edmundo Lopez and Roosevelt McKnight, were all border patrol agents working at the Border Patrol Checkpoint located on State Route 86 at milepost 145.5 in the Tucson area on December 29, 2016.

3.  At this time and place, Defendants were acting within the course and scope of their employment and under color of law.

4.  At all times material hereto, Defendant United States of America owned, operated and controlled the Border Patrol Checkpoint located on State Route 86 at milepost 145 and was the employer for all border patrol agents stationed at that checkpoint.

5.  This Court has jurisdiction of this civil action under U.S.C §1331 and *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1972) and 28 U.S.C. §2671, e. seq., Federal Tort Claims Act.

6.  Plaintiffs filed a claim under the Federal Torts Claims Act on February 2, 2018 (**Exhibit 1**) which was denied by Defendants on May 10, 2018. (**Exhibit 2**.)

7.  Plaintiffs have performed all acts precedent to bringing this suit.

8.  Venue and jurisdiction are proper for this court.

9.  Plaintiffs have designated certain individuals as fictitiously designated Defendants, as their identity is presently unknown to the Plaintiffs. These fictitiously designated Defendants have caused certain acts and/or events to occur Arizona that are material to Plaintiffs' claims. Upon discovery thereof, Plaintiffs respectfully request that this Honorable Court allow amendment of this complaint to reflect the true identities of the fictitiously designated Defendants.

## II.   FACTS

10.  Plaintiffs incorporate and reallege all aforementioned paragraphs as if fully set forth herein.

11. The Tadeos have family in Mexico and are of Mexican descent.

12. On December 29, 2016 the Tadeos were returning home to Tucson, Arizona after a holiday trip in Mexico.

13. At approximately 2:30pm, the Tadeos were stopped by Agent Merson at the third border patrol checkpoint they had been to that day.

14. Abran Tadeo confirmed that everyone in the vehicle were United States citizens, but Agent Merson would not let them leave.

15. Agent Merson also informed Abran Tadeo that their supervisor had not yet arrived.

16. More agents arrived at the scene and a tire-puncture device was put in front of Abran Tadeo's vehicle. Confusing and contradictory commands were given by the agents to Abran Tadeo, including an instruction to move his vehicle.

17. Abran Tadeo was eventually ordered to get out of the vehicle after Agent McKnight claimed a Border Patrol canine "hit" on the vehicle.

18. All passengers were ordered out of the car. Abran Tadeo, Andrea Tadeo and Rogelio Tadeo were put in handcuffs.

19. Andrea had a taser pointed at her chest by Agent McKnight.

20. When Abran Tadeo specifically asked Agent Lopez why they were being arrested, Agent Lopez informed him that it was because the dog had alerted on the vehicle.

21. At no time during the entire confrontation were the Tadeos told they were being arrested for assault or any crime at all.

22. The vehicle was torn apart and substantially damaged. Nothing of criminal substance was found.

23. After hours of detention in a cell, Abran Tadeo and Andrea Tadeo were

informed they were being charged with assaulting an officer.

24. Upon information and belief, Defendants falsely arrested the Tadeos after finding nothing in the vehicle.

25. Abran Tadeo was charged with assaulting an officer with his vehicle, classified as a deadly weapon. This charge had potential consequences of facing up to 20 years in prison.

26. Andrea Tadeos charges had potential consequences of facing up to 20 years in prison.

27. The Tadeos were prosecuted for the charges against them.

28. Abran Tadeo had to give up his guns, take court ordered therapy and abstain from alcohol, serving grape juice during his own communions as a priest.

29. Due to the charges, Abran Tadeo lost out on financial job opportunities and eventually quit the priesthood as a result of damage to his reputation.

30. When Father Tadeo's criminal defense attorney filed a motion to dismiss in October of 2017, the prosecution immediately dismissed the case.

### III. COUNT ONE – FEDERAL TORT CLAIMS ACT (NEGLIGENCE) AS TO THE UNITED STATES

31. Plaintiffs incorporate and reallege all aforementioned paragraphs as if fully set forth herein.

32. At all times relevant to this action, Defendants owed to the public, including the Tadeos, a duty to exercise reasonable care in the discharge of their official duties.

33. At all times relevant to this action, Defendant United States of America owed a duty to exercise reasonable care in hiring, training and supervising its Border Patrol employees.

4

34. The United States of America has a non-delegable duty and is responsible for the acts and omissions of its Border Patrol Checkpoints and each checkpoint's employees with regard to Plaintiff's FTCA claims.

35. These aforementioned duties includes following the United States Constitution, federal and state laws, as well as the Border Patrol's own rules, regulations, policies and procedures.

36. The United State of America and its Border Patrol agents cannot pull anyone over without reasonable suspicion of an immigration violation or crime.

37. Evidence of someone's race or ethnicity alone does not constitute reasonable suspicion.

38. The United States of America and its Border Patrol agents cannot search vehicles without a warrant or probable cause of an immigration violation or crime.

39. The United States of America and its Border Patrol agents cannot use excessive force against, unreasonably detain, illegally seize or falsely arrest and imprison a U.S. citizen.

40. Defendants breached their standard of care and violated Plaintiff's constitutional rights in the execution of all of their aforementioned duties.

41. Upon information and belief, Defendants used racial profiling to negligently, illegally and excessively stop, detain, search, harass, intimidate, arrest and imprison Abran and Andrea Tadeo.

42. Upon information and belief, Defendants took advantage of their authority over Plaintiffs to negligently, illegally and excessively stop, detain, search, harass, intimidate, arrest and imprison Abran and Andrea Tadeo.

43. As a result of Defendants' conduct, Defendants' committed the tort of false imprisonment.

44. As a direct and proximate result of these breaches, Plaintiffs Abran Tadeo and Andrea Tadeo suffered irreversible permanent physical, mental, reputational and financial injuries and damages.

## IV.   COUNT TWO—*BIVENS'* ACTION AND CONSTITUTIONAL VIOLATIONS AS TO BORDER PATROL AGENTS MERSON, MCKNIGHT AND LOPEZ

45. Plaintiffs incorporate and reallege all aforementioned paragraphs as if fully set forth herein.

46. Individual agents listed in this complaint are responsible for their acts and omissions with regard to Plaintiff's *Bivens'* claims.

47. As a result of Defendant Border Patrol agents Merson, McKnight and Lopez' actions, Defendants violated Plaintiffs' constitutional rights of being free from illegal searches, seizures and false arrest under the Fourth Amendment of the United States Constitution.

48. As a result of Defendant Border Patrol agents Merson, McKnight and Lopez' actions, Defendants violated Plaintiffs' rights of being free from illegal searches, seizures and false arrest as a result of their race/ethnicity under the Fourth Amendment of the United States Constitution.

49. As a result of Defendant Border Patrol agents Merson, McKnight and Lopez' actions, Defendants violated Plaintiffs' rights to be entitled to the guarantee of Equal Protections under the Fourteenth Amendment of the United States of America.

50. Defendants intended to cause injury and/or their conduct was motivated by spite or ill will and/or they acted to serve their own interests, having reason to know and consciously disregarding a substantial risk that their conduct might significantly injure the healthy, safety and rights of others and/or consciously pursued a course of conduct

knowing that it created a substantial risk of significant harm to others.

51. As a result of Defendant Border Patrol agents Merson, McKnight and Lopez' actions, Plaintiffs are entitled to punitive damages against agents Merson, McKnight and Lopez do discourage this kind of conduct in the future.

WHEREFORE Plaintiffs pray for judgment against the Defendants as follows:

A. For special damages, including but not limited to damage to Abran Tadeo's vehicle.

B. For general damages.

C. For Punitive Damages against Defendant Border Patrol agents Merson, McKnight and Lopez.

D. For emotional and mental trauma and stress and humiliation.

E. For damage to Plaintiffs' reputation.

F. For lost income, lost financial opportunities and lost future earnings.

G. For pain and suffering and loss of enjoyment of life.

H. For taxable costs and pre- and post-judgment interest to the extent permitted by law.

I. For violations to Plaintiffs' constitutional rights.

J. For taxable costs and pre- and post-judgment interest to the extent permitted by law.

K. For such other relief as the Court deems just and proper.

Dated this 28th day of August, 2018.

SCHMIDT, SETHI & AKMAJIAN

By _____
Matthew F. Schmidt
Attorneys for Plaintiff

7

## CERTIFICATE OF SERVICE

I hereby certify that on the date stated above, a copy of the foregoing has been transmitted electronically to the CM/ECF filing system for filing.

By: */s/ Lisa Aguilar*